**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| ANALICIA BRAVO, ISABEL BRAVO, | § | |
| JESUS BRAVO, and | § | |
| MARIA BRAVO, Individually and as | § | |
| Administrator of the Estate of | § | |
| TOMAS BRAVO a/k/a THOMAS BRAVO, | § | |
| Deceased, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. EP-17-CV-00048-DCG |
| | § | |
| WAL-MART STORES TEXAS, LLC, and | § | |
| WAL-MART STORES, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ANALICIA BRAVO, ISABEL BRAVO, JESUS BRAVO, and MARIA BRAVO, Individually and as Administrator of the Estate of THOMAS BRAVO a/k/a THOMAS BRAVO, deceased (hereinafter called "Plaintiff"), complaining of WAL-MART STORES TEXAS, LLC and WAL-MART STORES, INC. (both Defendant WAL-MART STORES, INC. and Defendant WAL-MART STORES, TEXAS, LLC jointly and severally hereinafter referred to as "Defendant WAL- MART") for a cause of action would respectfully show the Court as follows:

**I.**

1. Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

**II.**

1

2.     Defendant WAL-MART STORES TEXAS, LLC is a Delaware company doing business in is a business in El Paso County, Texas has been served, has answered and is proper before this court.

3.     Defendant WAL-MART STORES, INC. is a Delaware Corporation doing business in El Paso County, Texas has been served, has answered and is proper before this court.

**III.**

4.     This is an action for damages instituted by Plaintiffs ANALICIA BRAVO, ISABEL BRAVO, JESUS BRAVO, and MARIA BRAVO, Individually and as Administrator of the Estate of THOMAS BRAVO a/k/a THOMAS BRAVO, deceased being the heirs of THOMAS BRAVO a/k/a THOMAS BRAVO against Defendants, wherein Defendants are liable in monetary damages to Plaintiffs because of common law and statutory negligence, wrongful death and survivorship rights and in punitive damages which proximately caused damages to Plaintiffs.

**III.**

5.     The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident that occurred on or about July 31, 2015 in El Paso County, Texas.  At such time and place, Plaintiff was inside Defendants WAL-MART STORES TEXAS, LLC and WAL-MART STORES, INC's premises when Plaintiff slipped and fell on a water bottle on the floor which caused injuries to Plaintiff.  Defendant WAL-MART knew or should have known of the dangerous condition and failed to correct or warn of the danger.  Plaintiff received injuries to his hip, head, and other parts of her body. Plaintiff was hospitalized as a result of his injury and passed away on August 6, 2015. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on

2

the premises or to warn of their existence.  Which duty they breached, causing substantial injuries to Plaintiff.

## IV.

6.    While upon Defendant WAL-MART premises and under their control, Plaintiff suffered damages resulting in injury caused by a dangerous condition on the premises, which Defendants actually knew or, in the exercise of ordinary care, should have known existed.

7.    Defendant WAL-MART, their agents, servants, and employees negligently caused and/or negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendant actually knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff. Such condition was a proximate cause of Plaintiff's damages.

## V.

## NEGLIGENT HIRING, TRAINING, SUPERVISION

8.    Plaintiff would show that the damages and injuries were caused by the negligence of Defendant WAL-MART their employees, agents and representatives.  Plaintiff would also show that Defendant WAL-MART owed a duty to Plaintiff that they breached that duty and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff.  Defendant WAL-MART STORES, their agents, representatives and employees were negligent by breaching their duty to Plaintiff in one or more of the following alternative theories of negligence:

1.    In failing to maintain the area in a reasonably safe condition;
2.    In failing to properly, maintain, clean, sweep or warn of the condition of the area in question;
3.    In failing to inspect the premises in order to discover the dangerous condition of the area in question;

4. In failing to correct the dangerous condition of the area in question;
5. In failing to warn invitees and licensees, including Plaintiff, that a dangerous condition existed which required extra care to be taken by them when entering or exiting the area when Defendant knew or should have known that the area in question was dangerous;
6. In failing to establish and enforce safety rules and regulations to protect invitees from slip and falls;
7. Failing to supervise employees in regular inspection and cleaning the area in question;
8. In failing to establish and enforce safety rules and regulations to correct the existing dangerous conditions;
9. Failing to teach, train, and educate its employees on the maintenance of the area in question; and
10. Other acts of negligence.

## VIII.

9.    Plaintiffs would show that as a proximate cause of the negligence of Defendants THOMAS BRAVO a/k/a THOMAS BRAVO and his estate were severely damaged. THOMAS BRAVO a/k/a THOMAS BRAVO, Decedent suffered injuries to their bodies prior to his death for which Defendants are liable. Plaintiff THOMAS BRAVO a/k/a THOMAS BRAVO suffered damages, including, but not limited to:

(a)    Physical pain and mental anguish;
(b)    Disfigurement;
(c)    Bodily injuries;
(d)    Conscious pain, suffering and excruciating physical agony prior to death;
(e)    Medical, hospital and nursing expenses;
(f)    Funeral expenses;
(g)    other damages.

By reason of the foregoing, Plaintiff THOMAS BRAVO a/k/a THOMAS BRAVO has been damaged in an amount within the jurisdictional limits of the Court.

## IX.

10.    Plaintiffs ANALICIA BRAVO, ISABEL BRAVO, JESUS BRAVO, and MARIA BRAVO,

4

Individually and as Administrator of the Estate of THOMAS BRAVO a/k/a THOMAS BRAVO,

deceased have sustained injury and damages as a result of the wrongful death of their father and

husband, THOMAS BRAVO a/k/a THOMAS BRAVO, including but not limited to the following:

(a)     Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value.

(b)     Loss of inheritance, gifts, benefits, and other valuable gratuities.

(c)     Loss of household services.

(d)     Mental anguish.

(e)     Loss of their son's love, affection, advice, counsel, care, comfort, consortium, protection, services, attention, society and companionship; consortium, protection, services, attention, society and companionship.

(f)     Economic damages and losses including medical expense.

(g)     Past and future medical and counseling expenses.

(h)     Other damages.

11.     By reason of the foregoing, Plaintiffs ANALICIA BRAVO, ISABEL BRAVO, JESUS

BRAVO, and MARIA BRAVO, Individually and as Administrator of the Estate of THOMAS

BRAVO a/k/a THOMAS BRAVO have been damaged in an amount within the jurisdictional limits

of the Court.

## X.

12.     Plaintiffs are entitled to punitive damages because Defendants' gross negligence, acts and

omissions, which when viewed objectively from the standpoint of Defendants at the time of the

occurrence, involved an extreme degree of risk, considering the probability and magnitude of the

potential harm to others and of which the Defendants had actual, subjective awareness of the risk

involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of

others.  Plaintiffs are entitled to punitive damages in a sufficient amount to punish Defendants for

their reckless, heedless and intentional conduct and to set an example for others that such conduct

will not be tolerated.

13.    Plaintiffs' have suffered pain and suffering in the past and will continue to suffer pain and suffering in the future. Plaintiffs' has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiffs' have suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the occurrence, Plaintiffs' have suffered and will continue to suffer impairment to their body. Plaintiffs' have suffered disfigurement. Plaintiffs' have suffered damages within the jurisdictional limits of this Court and requests monetary relief over $1,000,000.00 and a demand for judgment for all the other relief to which the party deems himself entitled.

## VII.

14.    Plaintiff respectfully requests trial by jury of the issues in this case.

15.    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendants for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsimile)
omendez@scherrlegate.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

## CERTIFICATE OF SERVICE

I hereby certify that on this 13TH day of March, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:

Laura Enriquez
Attorney at Law
P.O. Drawer 1977
El Paso, Texas 79999-1977
Tel. (915)532-2000
Fax. (915)541-1597
enriquez@mgmmsg.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**